## Case No. 265.
### ALSTON v. COHEN.
[1 Woods, 487.][1]

Circuit Court, S. D. Georgia. Nov. Term, 1872.

EXECUTORS AND ADMINISTRATORS—POWERS—TITLE TO THE ESTATE—ACTIONS—PARTIES.

1. An executor or administrator is the trustee and proper representative of all persons interested in the personal estate, and until the final distribution of the estate, holds both the legal and equitable title thereto.

2. Consequently, when he is made a party to a bill filed by a distributee to sell the personal property of an estate and divide its proceeds, the other distributees are not necessary parties.

In equity. Submitted on demurrer to the bill for want of equity.

Jos. P. Carr, for complainant.
W. H. Hull, for defendant.

WOODS, Circuit Judge. The bill alleges in substance that complainant is the widow of Joseph Alston, Jr., formerly a citizen of South Carolina, but at his death a resident of New York, who died in April, 1861, intestate, seized and possessed of a large real and personal estate, and leaving his aunt Sarah, wife of John Izard Middleton, his aunts Charlotte M. Alston, Anna L. Alston, Mary Ashe, wife of Leaman Deas and the complainant, as his next of kin and distributees. That by the law of South Carolina, upon the death of said Joseph Alston, two-thirds of his real and personal estate descended to complainant and the remaining one-third was divisible among the said aunts of the deceased. That said John Izard Middleton took out letters of administration on the estate of Alston in Georgetown district, South Carolina, took possession of the same and paid all the debts. That in the spring of 1863, Leaman Deas and Mary Ashe, his wife, brought their bill in equity in the Charleston district against John Izard Mid-

[1][Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1][Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

dleton and Sarah his wife and the other distributees, except complainant, praying an account, sale, partition and distribution of the said estate. That the court made an order in 1863 directing a sale of all the personal estate of said Joseph Alston. That James Tupper, one of the masters of the court, in pursuance of said order, on November 25, 1863, sold certain bonds and shares of capital stock particularly described in the bill. That defendant became the purchaser thereof for the price named in the bill, and took possession of and appropriated the same to his own use.

The proceeds of this sale were divided among the other heirs and distributees to the exclusion of the complainant, or invested in bonds of the Confederate States which have become wholly valueless, and are now in possession of said master or his successor in office.

Complainant claims that as she was in no way a party to the said bill, her right to a share of the bonds and stocks can in no way be affected by the decree, that the master could only by the sale transfer the right, title and interest of the parties before the court, and that the purchaser became a tenant in common with complainant, or by taking possession of the bonds, has become a trustee for complainant, and is bound to account to her therefor.

The bill prays that defendant may be required to transfer to complainant two-thirds of the bonds and stocks so purchased by him, or to account for two-thirds of their value. The defendant has filed a demurrer to the bill for want of equity. I think the demurrer is well taken.

The question to be solved is this: Was the complainant bound by the proceedings and decree in the case in equity in the Charleston district? If she were a proper and necessary party she is not bound, but if otherwise, if her interests were represented by a party before the court, she is.

The general rule is, that inasmuch as the executor or administrator is the trustee and proper representative of all persons interested in the personal estate, and has a duty cast upon him of protecting it against improper demands, it is not necessary or proper to join either a pecuniary or residuary legatee or the next of kin as a party to a bill against an executor or administrator for an account of the personal estate, however interested such person may be to contest the demand which has occasioned the suit. 2 Williams, Ex'rs, 1729; Brown v. Dowthwaite, 1 Madd. 446. Until the final distribution of an estate, the administrator has both the legal and equitable title to the personalty. If therefore, the administrator is a party to a bill asking a sale and distribution which is ordered, the purchaser at the sale takes the title of the administrator.

The administrator of Alston was a party to the bill before the Charleston chancery court. He held the title to the personal estate, and was the proper representative of all persons interested therein. A decree to which he was a party ordering a sale, and a sale made in pursuance of such decree therefore, conveyed his title to Cohen, the purchaser. If Cohen acquired title the complainant has no claim upon him, either as tenant in common with her or as trustee.